**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DORNA L. KING,**<br><br>**Defendant.** | **Case No. 25-CR-30040-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On February 4, 2026, Defendant Dorna L. King ("King") pleaded guilty to two counts of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Counts 1 and 2) and the unlawful taking of a firearm from the premises of a person licensed to engage in the business of dealing in firearms in violation of 18 U.S.C. §§ 922(u) and 924(i)(1) (Count 3). (Doc. 56, pp. 1–2).

On August 7, 2026, the Court sentenced King to twenty-four months in the Bureau of Prisons ("BOP"). (*Id.*, p. 3). The BOP directed King to report to Federal Correctional Institution, Greenville, on September 30, 2026. (Doc. 72). On August 12, 2026, King filed a Notice of Appeal from the judgment. (Doc. 62).

On September 28, 2026, through counsel, King requested that the Court postpone her reporting date by thirty days, so that she could attend medical appointments on October 15, 2026, and October 21, 2026, following a hospitalization from September 21–24, 2026. (*Id.*, ¶¶ 3–6). The Government did not object to this

request, and the Court granted it, postponing her self-surrender date to October 30, 2026. (*Id.* ¶ 7; Doc. 73). In its Order, the Court instructed King to "inform all treating and consulting health care professionals that she will report to the Bureau of Prisons on October 30, 2026, and that her care will be provided by the Bureau of Prisons and they should take that into account while treating her." (Doc. 73).

On October 6, 2026, Defendant filed a *pro se* motion seeking a further extension of self-surrender date, so that her physicians can order any necessary tests, evaluate her on the results, and "any treatment needed to stabilize her can be started, so that she reports in stable condition." (Doc. 74, p. 1) ("I intend to report; I ask only that the scheduled testing be completed first."). On October 7, 2026, King filed an additional *pro se* motion seeking release pending appeal or in the alternative, a motion for status hearing before self-surrender. (Doc. 75).

Because King has appointed counsel in this case, the Court terminated these motions and ordered her counsel to file any necessary motions on her behalf. (Doc. 76). Now, through counsel, King seeks an order granting an appeal bond, or in the alternative, an extension of her reporting date to BOP. (Doc. 78). The Government opposes this request. (Doc. 81). King filed a Reply. (Doc. 82).

For the following reasons, King's Motion is **DENIED.**

## I. Motion for Appeal Bond

Title 18, United States Code, § 3143(b) governs release pending appeal by the defendant. It requires that the Court order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal

be detained, unless the judicial officer finds: (A) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community, and (B) the appeal is "not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b); *United States v. Ashman*, 964 F.2d 596, 599 (7th Cir. 1992) (discussing § 3143(b) requirement that an affirmative finding that the chance for reversal is substantial) (quoting *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985).

At King's sentencing hearing, the Court permitted her to self-surrender on a date to be determined by the BOP, finding that she was not likely to flee or pose a danger to the community. The first requirement of § 3143(b) is therefore satisfied. But King has not shown that her appeal raises a substantial question likely to result in any of the outcomes the statute requires.

King identifies the length of her sentence, not her conviction, as the "lead substantial question on appeal." (Doc. 78, ¶ 11). She therefore cannot show that her appeal is likely to result in reversal or an order for a new trial. *See* 18 U.S.C. § 3143(b)(1)(B)(i)–(ii).

Specifically, King challenges the number of firearms attributed to her in calculating the guideline range. (Doc. 78, ¶ 11)**.** That challenge does not present a

substantial question. The record consistently reflects the number of firearms involved, and the Court correctly applied the corresponding enhancement.

Because King has not carried her burden under § 3143(b)(1)(B), her motion for release pending appeal is **DENIED**.

## II. Motion to Stay or Extend Time to Report to BOP

As a threshold matter, the Government asserts that the Court lacks subject-matter jurisdiction to hear Defendant's motion to "delay her report date" to BOP. (Doc. 81, p. 2–3). The Court disagrees. The Government's argument is based on the assertion that King's motion for an extension of time to report seeks to modify or amend the Court's judgment. (*Id.*). However, when a district court considers a defendant's motion for an extension of time to report to the BOP, it does not contemplate a modification, amendment, or reduction of the defendant's sentence; the sentence is the same length whenever it begins. This is in line with how courts in this District have exercised discretion over postponing reporting dates.[1]

Courts in this District have granted brief extensions of a defendant's self-surrender date where good cause is shown, typically where the delay is short, tied to a discrete and time-limited need, and unopposed by the government. *See, e.g.*, *Jones*, No. 14-CR-30043-MJR (Doc. 62) (granting a 36-day extension so the defendant could attend a scheduled appointment that she could not complete after release without

[1] *See, e.g., United States v. Jones*, 14-CR-30043-MJR (S.D. Ill. 2015) (Doc. 61) (granting brief extension); *United States v. Amley*, 23-CR-40008-01-JPG (S.D. Ill. 2026) (Doc. 144) (same); *United States v. McLemore*, 15-CR-30172-MJR (S.D. Ill. 2016) (Doc. 48) (same); *United States v. Dooley*, 22-CR-30058-NJR (S.D. Ill. 2023) (Doc. 53) (same); *United States v. Beard*, 13-CR-30011-MJR-1 (S.D. Ill. 2013) (Doc. 31) (denying extension of time to report).

additional hardship) (*see also* Doc. 61); *Dooley*, No. 22-CR-30058-NJR (Doc. 53) (finding good cause for a one-month extension where a series of miscommunications arose about the defendant's report date); *McLemore*, No. 15-CR-30172-MJR (Doc. 48) (finding good cause shown for short extension to secure childcare for three-month-old daughter); *Amley*, No. 23-CR-40008-01-JPG (Doc. 144) (granting a brief extension of the self-surrender date where the defendant's sister died in car accident on the day of his sentencing).

Courts have declined to extend a report date, however, where the defendant seeks the delay to continue an ongoing course of medical treatment rather than to address a discrete, time-sensitive matter, even when the government does not oppose the request. *See United States v. Beard*, No. 13-CR-30011 (S.D. Ill. 2013) (Doc. 31) (denying an unopposed motion to delay the report date so the defendant could pursue a course of treatment for a compressive back injury).

King's request falls on the *Beard* side of that line. She does not seek time to complete a single scheduled procedure or to resolve confusion about her report date. She asks to remain out of custody so she can continue attending medical appointments for ongoing treatment. But her record reflects that she is stable, *see* (Doc. 78, Ex. C, p. 3) ("[h]emodynamically stable on presentation"), and the Court previously advised King to inform her doctors of her impending incarceration so that her care can be coordinated accordingly. (Doc. 73). King has already received a thirty-day extension to address her medical needs following her hospitalization. (*See* Doc. 73). Nothing in the record suggests that the treatment she seeks is urgent or that her

condition cannot be managed while she is in BOP custody. Had her care required more immediate attention, her doctors, once informed of her report date, could have arranged it within the period the Court already allowed. An open-ended desire to undergo diagnostic care does not constitute good cause for an extension of indefinite or substantial length.

Accordingly, the Court **DENIES** the motion to extend King's self-surrender date. King is encouraged to obtain copies of all her medical records, including records of any upcoming appointments and ongoing treatment, before she self-surrenders to the Bureau of Prisons.

**IT IS SO ORDERED.**

**DATED:**

**U.S. District Judge**